UNITED STATES COURT OF APPEALS
**Filed 5/22/96**
FOR THE TENTH CIRCUIT

SHARON STEPHENS,

       Plaintiff-Appellant,

v.

MARVIN T. RUNYON, Postmaster
General,

       Defendant-Appellee.

No. 95-6154
(D.C. No. CIV-94-765-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Sharon Stephens is a Postal Service employee. Based on the conduct of another Postal Service employee, Vic Clark, plaintiff asserted claims against defendant Postmaster General for sexual discrimination based on hostile work environment, and for age discrimination. The district court granted defendant's motion for partial summary judgment on plaintiff's sexual discrimination claim on February 24, 1995, and later dismissed plaintiff's age discrimination claim. Plaintiff appeals from the district court's grant of partial summary judgment in favor of defendant on her sexual discrimination claim. We have jurisdiction under 28 U.S.C. § 1291.

The district court held that plaintiff's only timely Equal Employment Opportunity complaint related to an incident with Clark on January 5, 1993, but that plaintiff did not allege sexual harassment in that encounter. The district court also held that previous incidents of alleged sexual harassment by Clark were too infrequent and distant in time to form a continuing pattern of sexual discrimination. The district court therefore concluded that plaintiff's claim of sexual discrimination based on hostile work environment could not survive summary judgment.

Plaintiff argues on appeal that the district court erred by holding: (1) that she could not prevail as a matter of law on her claim of sexual harassment based on hostile work

environment, and (2) that her claim of prior sexual harassment was not timely under the continuing violation doctrine.

The district court carefully and thoroughly analyzed the issues in light of the record. We have also carefully reviewed the parties' briefs and the record on appeal. We affirm for substantially the same reasons as those set forth in the district court's February 24, 1995 order.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge